**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| **ASSOCIATED BUILDERS AND CONTRACTORS OF ARKANSAS; ASSOCIATED BUILDERS AND CONTRACTORS, INC.; ARKANSAS STATE CHAMBER OF COMMERCE/ASSOCIATED INDUSTRIES OF ARKANSAS; ARKANSAS HOSPITALITY ASSOCIATION; COALITION FOR A DEMOCRATIC WORKPLACE; NATIONAL ASSOCIATION OF MANUFACTURERS;** and **CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.,** on behalf of themselves and their membership and clients<br><br>**PLAINTIFFS,**<br><br>**v.**<br><br>**THOMAS E. PEREZ, et al,**<br><br>**DEFENDANTS.** | **Case No. 4:16CV-00169 (KGB)** |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF RECENT AUTHORITY**
**AND PLAINTIFFS' NOTICE OF ADDITIONAL RECENT AUTHORITY**

Plaintiffs acknowledge the decision in *Labnet, Inc. et al v. U.S. Dep't of Labor et al*, Case No. 0:16-cv-00844 (D. Minn. June 22, 2016), a copy of which is attached to Defendants' Notice of Recent Authority. ECF No. 47-1. The Minnesota court found that "plaintiffs have a strong likelihood of success on their claim that the new rule conflicts with the plain language of the Act." *Id.* at 18. Plaintiffs agree with this finding.

The *Labnet* court denied the Minnesota plaintiffs' motion for preliminary injunctive relief for the sole reason that they failed to demonstrate irreparable harm. *Id.* at 31–33. As to this finding, the Minnesota decision is inapt because the Minnesota plaintiffs, who consisted only of lawyers and not employers or trade associations, made only a single claim of irreparable harm: "that they will be forced to guess about what activity is required to be reported, with an incorrect

1

guess carrying criminal penalties." *Id.* at 31. In the present case, Plaintiffs' showing of irreparable harm on behalf of thousands of employers and lawyers represented by nationwide and local trade associations is much more substantial, including employers' loss of access to counsel; loss of First Amendment rights; and significant threats of violence and coercion due to the Rule's unlawfully compelled disclosures.

Plaintiffs also wish to bring to the Court's attention another recently decided case, *Encino Motorcars, LLC v. Navarro*, 579 U.S. ___ (June 20, 2016), *available at* 2016 WL 3369424, a case that is not referred to in the *Labnet* decision. In *Encino Motorcars*, the Supreme Court invalidated another DOL regulation that reversed a decades-old policy where the agency "gave little explanation" for its change of position and because it was "less than precise when it issued its final rule." *Slip op.*, at 4–5. The Supreme Court observed that *Chevron* deference "is not warranted where an agency fails to acknowledge that "longstanding policies may have engendered serious reliance interests that must be taken into account." *Id.* at 9-10. In such cases, "a reasoned explanation is needed for disregarding facts and circumstances that underlay or were engendered by the prior policy. Particularly apposite here is the Court's additional holding:

> It follows that an '[u]nexplained inconsistency' in agency policy is a reason for holding an interpretation to be an arbitrary and capricious change from agency practice. An arbitrary and capricious regulation of this sort is itself unlawful and receives no *Chevron* deference. * * * While summary discussion may suffice in some circumstances, where there has been decades of industry reliance on an agency's prior policy, as is the case here, the regulatory authority must offer a reasoned explanation in light of the change in position and the significant reliance interests involved.

*Id.* at 10.(citations omitted).

Dated: June 24, 2016.

Respectfully submitted,

*/s/ J. Bruce Cross*
J. Bruce Cross, Ark. Bar No. 1974028
Abtin Mehdizadegan, Ark. Bar No. 2013136
**CROSS GUNTER, WITHERSPOON**
 **& GALCHUS, P.C.**
500 President Clinton Ave., Suite 200
Little Rock, AR 72201
(501) 371-9999 | (501) 371-0035 (fax)
bcross@cgwg.com | abtin@cgwg.com

and

*/s/ Maurice Baskin*
Maurice Baskin (pro hac vice)
D.C. Bar No. 248898
**LITTLER MENDELSON, P.C.**
815 Connecticut Ave., N.W.
Washington, D.C. 20006
(202) 772-2526
mbaskin@littler.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed with the Court via the Court's CM/ECF System, and thus served upon all parties of record on this 24th day of June, 2016.

Thomas E. Perez
Michael J. Hayes
Department of Labor
200 Constitution Avenue, N.W.
Washington, DC 20210

Elisabeth Layton
U.S. Department of Justice
20 Massachusetts Avenue, NW, Rm. 7110
Washington, DC 20530
Kate Comerford Todd
Steven P. Lehotsky
Warren Postman
U.S. Chamber Litigation Center
1615 H. Street, NW
Washington, DC 20062

Lee Rudofsky
Michael Cantrell
Arkansas Attorney General's Office
Catlett-Prien Tower Building
323 Center Street, Suite 200
Little Rock, AR 72201-2610

Christin Lawler
Hirschfeld Kraemer LLP
505 Montgomery Street
Suite 13000
San Francisco, CA 94111

Anna Elento-Sneed
ES&A, Inc.
Pauahi Tower, Suite 2700
1003 Bishop Street
Honolulu, HI 96813

Natasha Baker
Hirschfeld Kraemer LLP
505 Montgomery Street, Suite 13000
San Francisco, CA 94111

Jess L. Askew, III
Andrew King
Kutak Rock LLP
124 West Capitol Avenue, Suite 2000
Little Rock, AR 72201-3740

Adam G. Unikowsky
Jenner & Block LLP
1099 New York Avenue, NW
Washington, DC 20001

Jim L. Julian
Chisenhall, Nestrud & Julian, P.A.
Regions Center
400 West Capitol Avenue, Suite 2840
Little Rock, AR 72201-3415

Christopher Thyer
U.S. Attorney, Eastern District of Arkansas
425 W. Capitol Avenue, Ste. 500
Little Rock, AR 72201

Louis P. DiLorenzo
Bond, Schoeneck & King PLLC
600 Third Avenue, Suite 2200
New York, NY 10016-1915

Kameron W. Murphy
David Shane Jones
Tueth Keeney Cooper Mohan & Jackstadt P.C.
101 West Vandalia, Suite 210
Edwardsville, IL 62025

*/s/ J. Bruce Cross*

4